IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE M. ALRED, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:08-CV-92 JJF |
| ELI LILLY AND COMPANY and MICHAEL ANDERSON, | ) |
|       Defendants. | ) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Eli Lilly and Company ("Lilly") and Michael Anderson ("Anderson") (collectively "Defendants"), by counsel, answer Plaintiff's Complaint, in accordance with its numbered paragraphs, as follows:

### First Defense - Admissions and Denials

1. Defendants admit Plaintiff is an adult individual, admit Plaintiff was formerly employed by Lilly, and admit Plaintiff worked for Lilly in a sales territory that included portions of Delaware. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 1.

2. Defendants admit Lilly is an Indiana corporation and admit Lilly conducts business in Delaware and other states. Defendants deny any and all remaining averments of Paragraph 2.

3. Defendants admit Anderson is an adult individual, admit Anderson resides in Maryland, and admit Anderson has worked for Lilly in Delaware and other locations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 3.

4. Paragraph 4 sets forth a conclusion of law to which no response is required. However, Defendants do not contest Plaintiff's position that this Court has subject matter jurisdiction over this action. Defendants deny that they have committed any unlawful act with respect to Plaintiff or her employment and deny any and all remaining averments of Paragraph 4.

5. Paragraph 5 sets forth a conclusion of law to which no response is required. However, Defendants do not contest Plaintiff's position that this judicial district is an appropriate venue for this action. Defendants deny that they have committed any unlawful act with respect to Plaintiff or her employment and deny any and all remaining averments of Paragraph 5.

6. Defendants admit Lilly hired Plaintiff on or about May 25, 2001, as a sales representative, admit Lilly terminated Plaintiff's employment on or about March 26, 2007, and admit Plaintiff's duties as a sales representative included, among other things, calling on physicians and Lilly customers to promote Lilly products as appropriate. Defendants deny any and all remaining averments of Paragraph 6.

7. Defendants deny the averments of Paragraph 7.

8. Defendants admit Plaintiff's title was changed to Senior Sales Representative II. Defendants deny any and all remaining averments of Paragraph 8.

9. Defendants deny the averments of Paragraph 9.

10. Defendants admit Plaintiff was selected to be a Private Practice Champion within her district in 2004 and admit other sales representatives were likewise selected to be Champions with respect to certain matters within the district. Defendants deny any and all remaining averments of Paragraph 10.

11.     Defendants admit Plaintiff was selected to be a Private Practice Champion within her District in 2005 and admit other sales representatives were likewise selected to be Champions with respect to certain matters within the district. Defendants deny any and all remaining averments of Paragraph 11.

12.     Defendants admit Plaintiff was involved in an automobile accident on or about September 29, 2005, and admit Lilly filed a report of the accident with the Delaware Department of Labor's Office of Worker's Compensation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 12.

13.     Defendants admit Plaintiff's company-provided vehicle was damaged in an accident on or about September 29, 2005, admit Lilly provided Plaintiff leave following that accident, and admit Lilly provided Plaintiff an SUV for use in connection with her employment. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 13 regarding Plaintiff's consultations with and advice from physicians and regarding Dr. Estock's giving certain advice to Lilly in writing. Defendants deny any and all remaining averments of Paragraph 13.

14.     Defendants admit that, on or about January 3, 2006, Anderson was promoted to the position of District Sales Manager for the District in which Plaintiff worked at the time. Defendants deny any and all remaining averments of Paragraph 14.

15.     Defendants admit Anderson accompanied Plaintiff on a field visit after becoming District Sales Manager as he did with respect to other sales representatives. Defendants deny any and all remaining averments of Paragraph 15.

#9520605 v2

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 16 regarding Dr. Estock's faxing a medical opinion to Lilly. Defendants deny any and all remaining averments of Paragraph 16.

17. Defendants deny the averments of Paragraph 17.

18. Defendants deny the averments of Paragraph 18.

19. Defendants deny the averments of Paragraph 19.

20. Defendants admit Plaintiff contacted Human Resources representative William Brown ("Brown") in or about February 2006. Defendants deny any and all remaining averments of Paragraph 20.

21. Defendants deny the averments of Paragraph 21.

22. Defendants admit Plaintiff began an FMLA leave in early 2006 and admit that Plaintiff communicated with Joyce Shaw at times during that leave. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 22 regarding doctor visits during that leave. Defendants deny any and all remaining averments of Paragraph 22.

23. Defendants admit that Danie Roser took FMLA leave in 2006 and admit that, after completing this leave, Roser decided not to return to work and her position was filled accordingly. Defendants deny any and all remaining averments of Paragraph 23.

24. Defendants admit Plaintiff returned to work from leave on or about March 27, 2006. Defendants deny any and all remaining averments of Paragraph 24.

25. Defendants deny the averments of Paragraph 25.

26. Defendants deny the averments of Paragraph 26.

27. Defendants deny the averments of Paragraph 27.

4

28. Defendants deny the averments of Paragraph 28.

29. Defendants admit Plaintiff raised concerns internally at Lilly on or about September 5, 2006. Defendants deny any and all remaining averments of Paragraph 29.

30. Defendants deny the averments of Paragraph 30.

31. Defendants admit Plaintiff's employment at Lilly was terminated on or about March 26, 2007. Defendants deny any and all remaining averments of Paragraph 31.

32. Defendants deny the averments of Paragraph 32.

33. Defendants admit Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor on or about April 24, 2007, alleging age discrimination and retaliation and admit that Charge is still pending. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 33.

34. Defendants incorporate by reference their responses to Paragraphs 1 through 33 as if fully set forth herein.

35. The averments of Paragraph 35 constitute legal conclusions to which no response is required. To the extent that Paragraph 35 includes any averments of fact, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 35.

36. The averments of Paragraph 36 constitute legal conclusions to which no response is required. Defendants deny that they violated 29 U.S.C. § 2615(a), any other provision of the FMLA, or any other law with respect to Plaintiff or her employment. Defendants deny any and all remaining averments of Paragraph 36.

37. Defendants deny the averments of Paragraph 37.

#9520605 v2

38. Defendants admit Plaintiff seeks the damages and relief specified in Paragraph 38. Defendants deny that they have violated the FMLA or any other law with respect to Plaintiff or her employment, deny that Plaintiff is entitled to the relief requested in Paragraph 38, deny that Plaintiff is entitled to any other relief in this action as set forth in the "Wherefore" paragraph following Paragraph 38 or otherwise, and deny each and every averment not expressly admitted in this Answer.

### Second Defense

All actions Defendants took with respect to Plaintiff and her employment were taken for legitimate and lawful reasons.

### Third Defense

Defendants' actions with respect to Plaintiff were taken in good faith and with a reasonable belief that such actions did not violate any law.

### Fourth Defense

To the extent Plaintiff can establish liability and damages, which Defendants deny, Plaintiff's alleged damages may be limited by her failure to mitigate.

### Fifth Defense

To the extent Plaintiff can establish liability and damages, which Defendants deny, Plaintiff's alleged damages are subject to offset by income she received.

### Sixth Defense

To the extent Plaintiff can establish liability and damages, which Defendants deny, her damages may be limited by the after-acquired evidence defense.

### Seventh Defense

#9520605 v2

Plaintiff cannot establish any discriminatory conduct by Defendants and, even if a jury were to find to the contrary, Defendants would have made the same decisions and taken the same actions regardless of Plaintiff's allegedly protected status.

### Eighth Defense

To the extent any of Plaintiff's claims are untimely under the applicable statute of limitations, they are barred.

### Ninth Defense

Because the Complaint is pleaded in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action and, therefore, reserve the right to assert any and all additional and/or affirmative defenses that may become applicable based on information learned in discovery.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, that Plaintiff take nothing by way of her Complaint or any count thereof, and that Defendants be awarded their costs in this action and all other appropriate relief.

OF COUNSEL:

Craig M. Borowski
David S. Wagner
BAKER & DANIELS, LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 546204
(317) 237-1461


Dated: April 11, 2008

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
Matthew A. Kaplan (Del. Bar No. 4956)
PEPPER HAMILTON LLP
1313 North Market Street, Suite 5100
Wilmington, DE 19899-1709
(302) 777-6500

Attorney for Defendants
ELI LILLY AND COMPANY and
MICHAEL ANDERSON

7

#9520605 v2

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, the foregoing Defendants' Answer to Plaintiff's Complaint Statement was filed through the Court's CM/ECF system, which will send notice of this filing to the following:

>Matthew F. Boyer, Esq.
>Timothy M. Holly, Esq.
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899-2207

>/s/ M. Duncan Grant
>M. Duncan Grant (Del. Bar No. 2994)

#9520605 v2